IN THE
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JIQIN YANG, Special Personal Representative of the Estate of decedent FENGYUN WU, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 14-cv-6482 |
| v. | ) ) | Hon. Rebecca R. Pallmeyer |
| AIR CHINA LIMITED and THE BOEING COMPANY, | ) ) ) ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT

JIQIN YANG, Special Personal Representative of the Estate of decedent FENGYUN WU, through his undersigned attorneys, for his Complaint against defendants AIR CHINA LIMITED and THE BOEING COMPANY, states as follows:

### COUNT I

1. Plaintiff Jiqin Yang is the Special Personal Representative of the estate of decedent of Fengyun Wu. Plaintiff is a citizen and resident of the United States. Plaintiff's decedent was a resident of the United States.

2. Defendant Air China Limited ("Air China") is an air carrier which, upon information and belief, is incorporated and has its principal place of business in China. Defendant The Boeing Company ("Boeing") has its principal place of business in, and is a resident of, Illinois.

3. Plaintiff's decedent, Fengyun Wu, was injured and died as the proximate result of an accident in the course of international carriage by air by defendant Air China on November 30, 2012. Plaintiff's claim against defendant Air China arises under the Convention For the Unification of Certain Rules For International Carriage By Air, known as the Montreal

Convention. This Court therefore has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

4. The United States is a proper jurisdiction in which to bring this action against Air China under the Montreal Convention as plaintiff's decedent was domiciled in the United States; plaintiff's decedent purchased her ticket for the accident flight in the United States; and the ultimate destination of plaintiff's decedent's round trip was in the United States.

5. Venue is proper in this District under 28 U.S.C. § 1391.

6. On November 30, 2012 plaintiff's decedent was a passenger onboard an aircraft being operated on that date by defendant Air China as Flight CA984, an international flight from Boston, Massachusetts to Beijing, China and return to Boston, Massachusetts, with intermediate stops in Los Angeles, California.

7. In disembarking from defendant Air China's aircraft at Beijing Capital International Airport on the above date, plaintiff's decedent was caused to lose her footing upon stepping out of the front exit door to the connecting passenger air bridge and fall, due to the slippery surface of the front exit door sill and a significant ground level difference between the surface of the front exit door sill of the aircraft from which plaintiff's decedent was disembarking and the surface of the connecting passenger air bridge. Defendant Air China did not station any personnel at the front exit door of the accident aircraft to warn plaintiff's decedent of the danger presented by the above conditions, failed to otherwise warn plaintiff's decedent of the danger, and failed to prevent plaintiff's decedent's fall. Plaintiff's decedent thereafter fell from the subject aircraft door sill onto the jet bridge, sustaining catastrophic and immediately life threatening trauma to her head and/or cervical spine or chest, resulting in immediate loss of consciousness and subsequent death.

8. Defendant Air China negligently failed to take all necessary measures to prevent the injuries to, and death of, plaintiff's decedent, as set forth above, in violation of the International Air Transport Association Airport Handling Manual, and plaintiff's decedent was injured and caused to expire as the direct and proximate result of the above-described negligent acts and/or omissions of defendant Air China.

9. The fall of plaintiff's decedent which proximately caused her injuries and death was an unexpected or unusual event or happening external to the passenger and therefore an accident under the Montreal Convention.

10. Defendant Air China is strictly liable for the injuries to and death of plaintiff's decedent in the course of her international carriage by air under the terms of the Montreal Convention.

11. Plaintiff's decedent left surviving heirs and next of kin, including plaintiff and plaintiff's sister, Shuang Yang, for whose benefit this action is brought.

12. Plaintiff and the other heirs and next of kin of plaintiff's decedent have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance, and society, and mental anguish, sorrow, and grief as the result of the death of plaintiff's decedent.

13. As a direct and proximate result of one or more of the above-described negligent acts and/or omissions of defendant Air China, plaintiff's decedent was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering prior to her death, and property damage.

14. Had plaintiff's decedent survived, she would have been entitled to bring an action for damages, and such action has survived her.

WHEREFORE, plaintiff, through his undersigned counsel, prays for the entry of a judgment in his favor and against defendant Air China Limited for an amount in excess of the minimum jurisdictional amount of this Court, together with cost and such other damages as may be allowed by law.

## COUNT II

1-6. As paragraphs 1 through 6 of Count II, plaintiff reallages paragraphs 1 through 6 of Count I.

7. Prior to the aforesaid date, defendant Boeing designed, manufactured, assembled and sold a certain aircraft being operated by defendant Air China as Flight CA984.

8. At the time the subject aircraft left the control of defendant Boeing, it was defective and unreasonably dangerous in one or more of the following respects:

(a) The sill at the bottom of the front exit door had a glossy, slippery surface;

(b) The aforesaid door sill did not have a rough, adhesive or other surface to prevent a slip on said door sill by passengers exiting the aircraft; and

(c) The aircraft did not contain any warnings of these defects.

9. As the direct and proximate result of one or more of the foregoing unreasonably dangerous defects, plaintiff's decedent was caused to, and did, slip and fall while disembarking from the subject aircraft at Beijing Capital International Airport on November 30, 2012 and suffered injuries and died.

10. Plaintiff's decedent left surviving heirs and next of kin, including plaintiff and plaintiff's sister, Shuang Yang, for whose benefit this action is brought.

11. Plaintiff and the other heirs and next of kin of plaintiff's decedent have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance, and society, and mental anguish, sorrow, and grief as the result of the death of plaintiff's decedent.

12. As a direct and proximate result of one or more of the foregoing unreasonably dangerous defects, plaintiff's decedent was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering prior to her death, and property damage.

13. Had plaintiff's decedent survived, she would have been entitled to bring an action for damages, and such action has survived her.

WHEREFORE, plaintiff, through his undersigned counsel, prays for the entry of a judgment in his favor and against defendant The Boeing Company for an amount in excess of the minimum jurisdictional amount of this Court, together with cost and such other damages as may be allowed by law.

## COUNT III

1-6. As paragraphs 1 through 6 of Count III, plaintiff realleges paragraphs 1 through 6 of Count I.

7. Defendant Boeing owed a duty to plaintiff and plaintiff's decedent to exercise reasonable care in the design, manufacture, assembly and sale of the subject aircraft so as not to cause injury to, or the death of, plaintiff's decedent.

8. Defendant negligently breached the duty of care it owed to plaintiff and plaintiff's decedent through one or more of the following negligent acts or omissions:

   (a) negligently designed, manufactured, assembled and sold the subject aircraft so that the sill at the bottom of the front exit door consisted of a glossy, slippery material;

   (b) negligently designed, manufactured, assembled and sold the subject aircraft so that the aforesaid door sill did not have a rough, adhesive or other surface to prevent a slip on said door sill by passengers exiting the aircraft; and

   (c) negligently failed to warn of the defective and dangerous conditions of the subject aircraft.

9. As the direct and proximate result of one or more of the foregoing negligent acts or omissions of defendant Boeing in breach of its duty owed, plaintiff's decedent was caused to, and did, slip and fall while disembarking from the subject aircraft at Beijing Capital International Airport on November 30, 2012 and suffered injuries and died.

10. Plaintiff's decedent left surviving heirs and next of kin, including plaintiff and plaintiff's sister, Shuang Yang, for whose benefit this action is brought.

11. Plaintiff and the other heirs and next of kin of plaintiff's decedent have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance, and society, and mental anguish, sorrow, and grief as the result of the death of plaintiff's decedent.

12. As the direct and proximate result of one or more of the foregoing negligent acts or omissions of defendant Boeing in breach of its duty owed, plaintiff's decedent was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering prior to her death, and property damage.

13. Had plaintiff's decedent survived, she would have been entitled to bring an action for damages, and such action has survived her.

WHEREFORE, plaintiff, through his undersigned counsel, prays for the entry of a judgment in his favor and against defendant The Boeing Company for an amount in excess of the minimum jurisdictional amount of this Court, together with cost and such other damages as may be allowed by law.

Dated: May 9, 2017	Respectfully submitted,

                        s/Floyd A. Wisner
                    Attorney For Plaintiff

Wisner Law Firm, P.C.
514 W. State Street
Suite 200
Geneva, Illinois 60134
(630) 262-9434
(630) 262-1066 (fax)
faw@wisner-law.com
Ill. ID No. 3048713

## **CERTIFICATE OF SERVICE**

  Floyd A. Wisner, an attorney, certifies that he served Plaintiff's Second Amended Complaint upon all counsel of record via CM/ECF on May 9, 2017.

                       s/Floyd A. Wisner